**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No: 2:25-cr-20081-SHM-001** |
| | ) | |
| **ANTONIO CALDWELL,** | ) | |
| **a/k/a "Antonio Anderson"** | ) | |
| **a/k/a "Lil Joe"** | ) | |
| **a/k/a "Joe"** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## POSITION OF UNITED STATES WITH RESPECT TO SENTENCING FACTORS

---

The United States respectfully provides its position pertaining to the above referenced matter, set for sentencing on April 8, 2026, in accordance with the local rules and § 6A1.2 of the Sentencing Guidelines and Policy Statements.

The United States has received and reviewed the draft Presentence Report (PSR) filed in this case. (ECF No. 202.) The United States has no objections to the facts and guideline calculations; noting that the plea agreement addresses 2D1.1(b)(1). The United States will confer with opposing counsel and the United States probation office in good faith to resolve any disputed matters. In accordance with the plea agreement, the United States recommends a guideline sentence.

Furthermore, in accordance with Local Rule 32.1(d), the United States anticipates the sentencing hearing to last approximately 1 hour but does not anticipate presenting evidence through more than 1 witness.

## **18 U.S.C. § 3553(a) FACTORS**

1. *Nature and Circumstances*

The United States submits this is a serious narcotics trafficking offense. The defendant, Antonio Caldwell ("Caldwell"), operated as a source of supply of narcotics for numerous individuals. In this role, Caldwell supplied cocaine, fentanyl, and methamphetamine to individuals. Caldwell sold pound quantities of methamphetamine in the WDTN. Caldwell even traveled to California and obtained approximately 3 kilograms of fentanyl, which he placed in the mail. The volume of narcotics, the varying types of narcotics, and the fact Calwell engaged in this activity for approximately 1 year, make this a serious offense.

Fentanyl is devastating many communities across this country, including this district. There have been 1,563 reported suspected opioid overdoses[1] in Shelby County in 2024. Two milligrams of fentanyl can be a lethal dose[2]. This means the 2,994.8 grams of fentanyl Caldwell mailed was approximately 1,497,400 lethal doses. This created an extraordinary risk to individuals handling the mail, in distribution facilities, and innocent bystanders.

The United States also notes this conduct is exacerbated by the fact Caldwell was on supervised release at the time he committed these additional crimes. Caldwell had previously been sentenced for separate federal narcotics cases in this district.

---

[1] https://shelbytnhealth.com/DocumentCenter/View/6784/Provisional-Emergency-Department-Visit-and-Overdose-Event-Weekly-Report--2024-MMWR-Week-52-PDF.

[2] https://www.dea.gov/resources/facts-about-fentanyl




2. *History and Characteristics of Defendant*

Caldwell's criminal history includes state court convictions for assaultive behavior, including possessing a knife and firing a shot at an individual Caldwell attempted to rob, and federal narcotics trafficking in two separate cases.

Caldwell's criminal history is one that does not show he has previously been deterred by criminal convictions and thus a lengthy period of incarceration is warranted.

3. *Need for Sentence to Reflect Seriousness of Offense, Promote Respect for the Law, and Provide Just Punishment, Afford Adequate Deterrence to Criminal Conduct, Protect the Public from Further Crimes of the Defendant*

As stated above, the offense is serious and thus the sentence imposed should be as well. The sentence must also promote respect for the law, provide just punishment, and afford adequate deterrence. Caldwell's decision to re-engaged in serious narcotics

distribution, in a leadership role, while on supervised release, supports a finding Caldwell has shown little or no respect for the law. The Court need not look any further than the conduct before it to find support of such. Therefore, the sentence to be imposed should be significant in order to further the goals of promoting respect for the law and afford adequate deterrence, as Caldwell's actions do not support a finding that has previously been deterred. Given the defendant's history of criminal conduct, the United States submits the public needs to be protected from the defendant. While previously on release, even under a suspended sentence, the defendant has failed to show he can live a law-abiding lifestyle.

4. *Unwarranted Sentencing Disparities*

The United States submits the Court also consider the need to avoid unwarranted sentencing disparities for defendants convicted of similar criminal conduct with similar records. In order to treat defendants equally, the guideline range is the starting point. From there the Court can look to see if there are any reasons to move away from the guideline range. Here, the United States submits that there is ample evidence to support a guideline sentence.

## CONCLUSION

Upon review of the entire record and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests a guideline range sentence, consistent with the plea agreement in this manner.

Respectfully submitted,

D. Michael Dunavant
United States Attorney
Western District of Tennessee

*/s/ Gregory D. Allen*
Gregory D. Allen
Assistant United States Attorney
167 N. Main, Suite 800
Memphis, TN 38103
(901) 544-4231

**CERTIFICATE OF SERVICE**

I, Gregory D. Allen, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing filing was electronically sent to Mr. Howard Wagerman, counsel for the defendant.

This date: March 16, 2026.

*/s/ Gregory D. Allen*
Gregory D. Allen #30060
Assistant United States Attorney