IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff

VS. NO. 2:25-cr-20081

ANTONIO CALDWELL,

Defendant

POSITION OF THE DEFENDANT ANTONIO CALDWELL WITH RESPECT TO PRESENTENCE REPORT AND SENTENCING FACTORS

Comes now the Defendant, Antonio Caldwell, by and through counsel, and pursuant to U.S.S.G. § 6A1.2, respectfully submits his objections to the Presentence Investigation Report and his position regarding the applicable sentencing factors.

This case presents a non-violent offender whose advisory guideline range is driven by enhancements that significantly overstate his actual conduct. Mr. Caldwell did not possess a firearm, did not maintain a drug premises, and did not exercise control or authority over others. A sentence below the advisory guideline range is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

**I. Objection to Weapon Enhancement**

The Defendant submits that the Plea Agreement entered into between the parties should be adopted by this Honorable Court. Paragraph 12 reflects the parties' agreement that the enhancement under U.S.S.G. § 2D1.1(b)(1) should not apply.

The Defendant objects to the two-level enhancement referenced in Paragraph 45 of the Presentence Report. At no time during the investigation was a firearm recovered from the Defendant, his residence, his office, or his person. Nor was any firearm observed during surveillance involving the Defendant.

The Sixth Circuit has made clear that this enhancement requires proof that a weapon was possessed and that there was a nexus between the weapon and the offense. See United States v. Catalan, 499 F.3d 604 (6th Cir. 2007). Where no firearm is recovered and no evidence links a weapon to the Defendant's conduct, the enhancement should not apply.

Although certain co-defendants may have possessed firearms, there is no evidence that such possession was reasonably foreseeable to this Defendant or attributable to him. Accordingly, the enhancement is unwarranted.

**II. Objection to Enhancement for Maintaining a Drug Premises**

The Defendant objects to the two-level increase referenced in Paragraphs 46 and 127 for maintaining a premises for the purpose of distributing a controlled substance.

The Presentence Report references a Hollywood address; however, this was not the Defendant's residence. The Defendant was not listed on the lease, did not maintain utilities, and did not reside

there. The premises belonged to co-defendant Michael Merritt, who maintained control over the property.

The Sixth Circuit requires that maintaining the premises for the purpose of manufacturing or distributing a controlled substance be one of the defendant's primary or principal uses of the property. See United States v. Bell, 766 F.3d 634 (6th Cir. 2014). Mere presence or occasional use is insufficient to support this enhancement.

Here, there is no evidence that the Defendant exercised control over the premises or used it as a primary location for drug storage or distribution. At most, the location functioned as a social gathering place. Accordingly, the enhancement should not apply.

**III. Objection to Role Enhancement**

The Defendant objects to the role enhancement referenced in Paragraphs 48 and 127.

The Defendant did not organize, lead, manage, or supervise any participant in this matter. The individuals involved acted independently and were not subject to the Defendant's direction or control.

The Sixth Circuit has held that a leadership enhancement requires evidence of control over other participants, not merely participation in the offense. See United States v. Washington, 715 F.3d 975 (6th Cir. 2013).

There is no evidence that the Defendant exercised decision-making authority, recruited participants, claimed a larger share of profits, or directed the activities of others—factors required under U.S.S.G. § 3B1.1.

"The fact that a defendant plays an important or even essential role in a criminal enterprise does not necessarily require an aggravating role adjustment." United States v. Sostre, 967 F.2d 728 (1st Cir. 1992).

Because the Defendant did not exercise control or authority over others, the role enhancement is not warranted.

**IV. Objection to Criminal History Points**

The Defendant objects to Paragraph 64, which assigns two criminal history points for possession of a prohibited object by a prison inmate.

The Defendant respectfully submits that assessing two criminal history points for possession of a cellular phone is disproportionate and results in an overrepresentation of his criminal history.

The Defendant would submit a downward departure or variance is appropriate where the criminal history category substantially overrepresents the seriousness of a defendant's prior conduct.

The Defendant asserts that this conduct should fall within the category of minor, nonviolent offenses that are not typically counted under USSG §4A1.2(c)(2).

This non-violent offense elevates the Defendant from Criminal History Category II to Category III and significantly increases his sentencing exposure. Under these circumstances, such treatment overstates both the seriousness of the conduct and the likelihood of recidivism.

**V. Sentencing Factors Under 18 U.S.C. § 3553(a)**

In considering the factors set forth in 18 U.S.C. § 3553(a), the Court must impose a sentence sufficient, but not greater than necessary, to achieve the purposes of sentencing.

Mr. Caldwell is a non-violent offender whose guideline range is driven by enhancements that do not accurately reflect his conduct. A sentence within that range would therefore be greater than necessary.

A below-guideline sentence would adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment, while also affording adequate deterrence and protecting the public.

Importantly, Mr. Caldwell has demonstrated the ability to engage in lawful employment. He has developed practical skills in automobile repair, forklift operation, and truck driving, and has previously operated a lawn care business. These are tangible indicators of his capacity for rehabilitation.

A lengthy sentence is not necessary to achieve deterrence or public safety in this case, particularly where the offense conduct did not involve violence, weapons, or the supervision of others.

**VI. Acceptance of Responsibility and Rehabilitation**

The Defendant acknowledges responsibility for his conduct and expresses genuine remorse.

He is a relatively young man with the ability and desire to rehabilitate himself and return to society as a productive citizen.

His work history and skill development demonstrate that he is capable of lawful employment and reintegration.

**VII. Request for Concurrent Sentencing**

The Defendant respectfully requests that any sentence imposed be ordered to run concurrently with any sentence imposed for the alleged violation of supervised release.

A concurrent sentence, combined with a downward variance, would result in a total punishment that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing.

**VIII. Request for Variance**

The Defendant is a husband and father facing a substantial term of imprisonment under the advisory guideline calculation.

Given the non-violent nature of the offense, the absence of a firearm, the lack of any leadership role, and the overstatement created by the enhancements, a variance is appropriate.

Additionally, a within-guideline sentence would create unwarranted disparities when compared to similarly situated defendants whose conduct involved more aggravating factors.

A below-guideline sentence would satisfy the purposes of sentencing while allowing the Defendant the opportunity to return to his family and become a productive member of society.

**IX. Consideration of Evolving Sentencing Policy**

The Defendant respectfully asks the Court to consider the broader context of sentencing in federal drug cases, including the growing recognition that guideline ranges in such cases may, at times, overstate culpability.

These considerations further support the imposition of a fair and reasonable sentence below the advisory guideline range.

Finally, the Defendant respectfully asks the Court to consider the ongoing legislative and policy discussions regarding the lengthy sentences associated with federal drug offenses. Current proposals before Congress reflect a growing recognition that certain drug sentences imposed under existing guidelines may be excessive and should be reduced, that federal prisons are overcrowded, and that budgetary concerns should be considered.

WHEREFORE, the Defendant respectfully requests that this Court sustain his objections to the Presentence Report, calculate the appropriate advisory guideline range, and impose a sentence below that range as sufficient, but not greater than necessary, under 18 U.S.C. § 3553(a).

Respectfully submitted,

WAGERMAN KATZMAN

BY: *s/ Howard L. Wagerman*

Howard L. Wagerman #006773
Attorney for Defendant
Suite 1313, 200 Jefferson Avenue
Memphis, Tennessee 38103
(901) 527-0644

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon opposing counsel, by electronic means via the Court's electronic filing system, on the 24th day of March, 2026.

*s/ Howard L. Wagerman*