IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff

VS. NO. 2:25-cr-20081

ANTONIO CALDWELL,

Defendant

POSITION OF THE DEFENDANT ANTONIO CALDWELL WITH RESPECT TO PRESENTENCE REPORT FINAL FILED APRIL 1, 2026

Pursuant to the Court's request made on May 28, 2026, the Defendant, Antonio Caldwell, by and through counsel, hereby adopts and reasserts the Position of the Defendant Regarding Presentence Report previously filed on March 24, 2026 (Doc. 209).

Defendant further acknowledges receipt of the Addendum to the Presentence Report filed on April 1, 2026, containing the objections and responses of the United States Probation Office. Defendant maintains the positions and objections previously asserted, disagrees with Probation's responses thereto, and stands ready to address and argue said objections at the sentencing hearing. In further response to the United States Probation Office's Addendum, Defendant would respectfully state as follows:

1. The Defendant submits that the Plea Agreement expressly provides that no enhancement pursuant to USSG § 2D1.1(b)(1) for possession of a dangerous weapon should apply in

this matter. The Probation Office's response generally discusses the dangers associated with firearms in narcotics offenses and cites case law involving defendants who possessed firearms; however, the Addendum fails to identify any specific instance in which this Defendant possessed a firearm or dangerous weapon. Defendant therefore maintains that this enhancement is unsupported by the facts of this case and should not apply. Additionally, the Government agreed in the Plea Agreement that this enhancement is inapplicable.

2. The Defendant further objects to the application of USSG § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. Specifically, Defendant had no ownership interest in the premises located at 696 N. Hollywood Street, did not reside there, did not pay utilities there, and exercised no control or dominion over the premises. Although Defendant may have frequented the location, numerous other individuals, including co-defendants named in the Indictment, also frequented the residence. When the search warrant was executed, Defendant was not present. Rather, Michael Merritt and two additional individuals were present at the location. Furthermore, the defense has not been made aware of any personal property belonging to Defendant that was recovered from the premises. Accordingly, Defendant maintains that the enhancement under USSG § 2D1.1(b)(12) is unsupported and should not apply.

3. The Defendant further maintains that the four-level enhancement pursuant to USSG § 3B1.1(a) for acting as an organizer or leader of criminal activity involving five or more participants, or otherwise extensive activity, is inappropriate under the facts of this case.

Defendant denies exercising control, supervision, or authority over any co-defendant. While Defendant acknowledges allegations that he sold narcotics to certain individuals, he maintains that he neither directed nor controlled their subsequent actions. Mere participation in narcotics transactions does not automatically establish leadership or organizational authority sufficient to warrant the four-level enhancement.

4. The Defendant additionally objects to the assessment of two criminal history points pursuant to USSG § 4A1.1(b) arising from possession of a cellular telephone while in custody. Defendant submits that the assessment of these points substantially overrepresents the seriousness of the conduct and improperly elevates Defendant from Criminal History Category I to Criminal History Category II, thereby significantly increasing the applicable advisory guideline range.

5. Finally, Defendant would note that the calculations contained within the Probation Office's Addendum ultimately reflect an advisory guideline range of 121 to 151 months, although Defendant acknowledges the existence of a fifteen-year statutory mandatory minimum sentence applicable in this matter.

Should the Court require any additional filings prior to sentencing, counsel respectfully requests notice and direction from the Court.

WHEREFORE, the Defendant respectfully requests that this Court sustain his objections to the Presentence Report, calculate the appropriate advisory guideline range, and impose a sentence below that range as sufficient, but not greater than necessary, pursuant to 18 U.S.C. § 3553(a).

Respectfully submitted,

WAGERMAN KATZMAN

BY: *s/ Howard L. Wagerman*
Howard L. Wagerman #006773
Attorney for Defendant
Suite 1313, 200 Jefferson Avenue
Memphis, Tennessee 38103
(901) 527-0644

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon opposing counsel, by electronic means via the Court's electronic filing system, on the 28th day of May, 2026.

*s/ Howard L. Wagerman*