**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No: 2:25-cr-20081-SHM-001** |
| | ) | |
| **ANTONIO CALDWELL,** | ) | |
| **a/k/a "Antonio Anderson"** | ) | |
| **a/k/a "Lil Joe"** | ) | |
| **a/k/a "Joe"** | ) | |
| | ) | |
| **Defendant.** | ) | |

## RESPONSE TO OBJECTIONS TO PRESENTENCE REPORT

The United States respectfully provides its response to defendant Antonio Caldwell's ("Caldwell") objections to the presentence report. (ECF No. 238, Caldwell Supplemental Position Paper; ECF No. 237, Min. Entry).

The United States has received and reviewed the draft Presentence Report (PSR) filed in this case. (ECF No. 202, PSR Draft.) The United States filed an initial position paper advising of no objections to the calculations and facts, noting the plea agreement recommended a 2-level enhancement pursuant to U.S.S.G. 2D1.1(b)(1) did not apply in this case. (ECF No. 207, USA Position Paper). The paper also addressed the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id*. United States Probation ("USPO") filed an addendum and final PSR. (ECF No. 210, PSR Final; 210-1, First Addendum.)

Caldwell sets forth 4 objections to the PSR. (ECF No. 238.) The first objection pertains to a 2-level enhancement for possession of a firearm pursuant to U.S.S.G.

2D1.1(b). In the plea agreement, the parties agreed this enhancement is not applicable. (ECF No. 184, Caldwell Plea Agreement, PageID 422.) USPO addressed the objection and determined it should apply based on search warrants executed at residences associated with Caldwell's narcotics trafficking and supplying narcotics to co-conspirators. (ECF No. 210-1, First Addendum.) The United States submits, based on these facts, it is a close call as Caldwell could be held responsible for the possession of firearms by co-conspirators, but stands by the plea agreement recommending the enhancement should not apply. *See United States v. Barnes*, 2025 WL 3688863, at *4-5 (6th Cir. Dec. 19, 2025) (citing *United States v. Brown*, 131 F.4th 337, 344 (6th Cir. 2025)).

Second, Caldwell objects to the application of 2D1.1(b)(12), maintain a premises for the purposes of manufacturing or distributing a controlled substance. (ECF No. 238, PageID 699). USPO addressed the objection and determined it to be applicable based on Caldwell's drug distribution from 696 N. Hollywood and 327/329 Marianna. (ECF No. 210- First Addendum). The United States submits the enhancement is appropriately applied based on the investigation. Investigators applied for and received authorization to intercept Caldwell's phone from approximately September 4, 2024, to October 4, 2024. During this time, investigations utilized electronic and physical surveillance and traffic stops to confirm narcotics distribution. For example, on September 9, 2024, investigators seized approximately 109.29 grams of methamphetamine following an intercepted call where Caldwell distributed methamphetamine to co-conspirator Pharr. (ECF No. 210, PSR Final, Paragraph 24.)

Additionally, the United States intends to present testimony during the interception period that Caldwell frequently directed customers to 696 N. Hollywood following

intercepted calls, observed interactions of short periods of time consistent with completed narcotics transactions. Additionally, in intercepted calls Caldwell stated he had a possessory interest in the location, and exercised control over narcotics stored and distributed from the location by directing co-conspirator Merritt to distribute narcotics to individuals from this location while Caldwell was not present. Lastly, DEA obtained and executed a search warrant for 696 N. Hollywood on or about November 26, 2024, and recovered approximately 252.42 grams of methamphetamine, in addition to fentanyl and marijuana. The United States agrees with USPO that these facts support 696 N. Hollywood's "primary or principal uses for the premises is the distribution of drugs" and this location was significant to Caldwell's conspiracy and continually available for narcotics distribution during the conspiracy. (ECF No. 210, First Addendum; *United States v. Johnson*, 737 F.3d 444 (6th Cir. 2013); *United States v. Bell*, 766 F.3d 634, 637 (6th Cir. 2014). The United States submits these facts "easily satisfies the low evidentiary bar to apply this enhancement." *United States v. Simpson*, 138 F.4th 438, 457 (6th Cir. 2025) (citing *United States v. Terry*, 83 F.4th 1039, 1044 (6th Cir. 2023; *United States v. Triplett*, 122 F.4th 428, 432 (6th Cir. 2024)).

Third, Caldwell objects to a 4-level enhancement pursuant to U.S.S.G. 3B1.1(a)(1) for being a leader organizer of criminal activity that involved five or more participants. (ECF No. 238, PageID 699-700.) USPO responded that the enhancement is appropriately applied as Caldwell was the source of supply for narcotics and the jointly undertaken activity of conspiracy to distribute narcotics involved additional co-conspirators and others unindicted. (ECF No. 210-1, First Addendum.) The United States adopts USPO's response and adds that it intends on offering testimony that Caldwell

directed co-conspirator Merritt to sell narcotics on Caldwell's behalf, directing Merritt to obtain narcotics from locations, and Merritt confirmed via telephone amounts and prices with Caldwell in some instances prior to selling narcotics, further supporting Caldwell's leadership role. The United States submits the enhancement is appropriately applied.

Fourth, Caldwell objects to criminal history points based on a conviction for possession of contraband. (ECF No. 238, PageID 700.) USPO responded the enhancement was appropriately applied based on the length of the sentence exceeding 60 days and thus 2 points were warranted pursuant to U.S.S.G. 4A1.1(b). (ECF No, 210-1, First Addendum.) The United States adopts USPO's response and concurs the criminal history points were calculated correctly.

## CONCLUSION

The United States submits if the Court were to follow the recommendation of the parties and not apply an enhancement pursuant to 2D1.1(b)(1), and apply enhancements sought by the United States pursuant to 2D1.1(b)(12), 3B1.1(a)(1), and 4A1.1(b), the guideline range would be 262-327 months (37, III). The calculations are set forth on the following page.

| | |
|---|---|
| Base offense level | 34 |
| 2D1.1(b)(12) | +2 |
| 3B1.1(a)(1) | +4 |
| Adjust offense level | 40 |
| Acceptance of responsibility | -3 |
| Total Offense Level | 37 |
| Criminal History Category | III |
| Guideline Range | 262-327 months (37, III) |

Respectfully submitted,

D. Michael Dunavant
United States Attorney
Western District of Tennessee

*/s/ Gregory D. Allen*
Gregory D. Allen
Assistant United States Attorney
167 N. Main, Suite 800
Memphis, TN 38103
(901) 544-4231

**CERTIFICATE OF SERVICE**

I, Gregory D. Allen, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing filing was electronically sent to Mr. Howard Wagerman, counsel for the defendant.

This date: June 5, 2026.

*/s/ Gregory D. Allen*
Gregory D. Allen #30060
Assistant United States Attorney